UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAPHAEL SOUZA LIMA VIANA,

                              Plaintiff,

      v.

UNITED STATES OF AMERICA,

                              Defendant.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

24-CV-3118
(Reyes, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Currently pending before this Court, on a referral from the Honorable Ramon E. Reyes, Jr., United States District Judge, is the Government's motion to dismiss Plaintiff's complaint due to his failure to prosecute this action. *See* Dkt. No. 29. For the reasons set forth below, the undersigned respectfully recommends that this action be dismissed, without prejudice.[1]

**I.    Relevant Background**

Plaintiff Raphael Souza Lima Viana—then represented by counsel—filed this action on April 25, 2024 against the United States of America, the United States Postal Service (USPS), and Isi E. Fernandez, asserting claims under the Federal Tort Claims Act (FTCA). *See* Dkt. No. 1.[2] The case arises out of an alleged motor vehicle accident between Plaintiff's vehicle and a USPS vehicle that occurred on June 4, 2023. *Id.* ¶¶ 13, 16, 39. Plaintiff purportedly sustained "serious injuries" as a result of the accident. *Id.* ¶ 44.

---

[1] Mackenzie Carroll, a judicial intern who is a second-year law student at the Benjamin N. Cardozo School of Law, is gratefully acknowledged for her assistance in the research of this Report and Recommendation.

[2] Defendants USPS and Isi E. Fernandez have since been terminated from this action. *See* Dkt. No. 9; July 30, 2024 Text Order.

The Government answered the Complaint on July 8, 2024. *See* Dkt. No. 7. On July 25, 2024, the Court held an initial conference on the record; all counsel appeared. *See* Minute Entry dated July 25, 2024. The Court set a discovery schedule at the conference. *See id.* In the minute entry and order following the conference, the Court reiterated that "[n]o extension of the [discovery] deadlines will be granted except upon a motion, filed prior to the deadline and consistent with Judge Marutollo's Individual Practices and Rules, showing good cause for the extension. The parties are reminded that 'a finding of good cause depends on the diligence of the moving party.' *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000)." *Id.*

Plaintiff—even when represented by counsel—has missed multiple Court deadlines. The parties were ordered to complete their Fed. R. Civ. P. 26(a)(1) initial disclosures by August 15, 2024. *See* Minute Entry dated July 25, 2024. Plaintiff, however, informed the Court that he failed to comply with such an order. *See* August 27, 2024 order ("The parties report [in their joint status report] that 'Plaintiff's counsel has indicated that they are preparing Plaintiff's Initial Disclosures and will provide them to the Government by September 27, 2024.' On July 25, 2024, the Court, however, ordered the date for completion of automatic disclosures required by Fed. R. Civ. P. 26(a)(1) to be August 15, 2024. It is not clear why Plaintiff did not abide by the Court's July 25, 2024 order."). Plaintiff subsequently requested a *nunc pro tunc* extension of the August 14, 2024 deadline, which the Court granted. *See* Dkt. No. 11.

Plaintiff next failed to comply with the Court's order on September 30, 2024, when Plaintiff failed to file a joint status report with the Government. *See* Dkt. No. 12 (the Government noted that it "attempted to contact counsel for Plaintiff by email regarding the joint status report prior to the September 29, 2024 deadline, but did not hear back."). On September 30, 2024, Plaintiff's counsel stated that there was a "misunderstanding," as the Government's letter "*was* the

2

joint status letter the parties were previously directed to file." Dkt. No. 13 (emphasis in original).

On October 10, 2024, the Court held a status conference. *See* Minute Entry dated October 10, 2024. At the conference, the Court noted that Plaintiff had not yet responded to the Government's August 26, 2024 discovery requests. *See id*. The parties subsequently filed three additional joint status reports. *See* Dkt. Nos. 17, 18, and 19.

In a status report filed on November 26, 2024, Plaintiff's counsel stated,

> Our office has been unsuccessful in our attempts to contact our client. He has not responded to our attempts. We are trying to locate our client. For our office to properly and effectively respond to the Defendant's deficiency letter, we need to speak to our client to obtain the necessary information to respond.

Dkt. No. 19.

In response, the Court ordered the following:

> The Court is in receipt of the parties' November 26, 2024 status report [], in which Plaintiff's counsel states that counsel has "been unsuccessful in our attempts to contact our client." Plaintiff adds that "[w]e are trying to locate our client."
>
> It is not clear when Plaintiff's counsel was last in contact with his client. Plaintiff's counsel shall file a letter by December 3, 2024 at 5:00 p.m. providing the Court with an update as to whether there has been any communication with his client. If there has been no communication, counsel shall report the last time in which counsel has been in contact with Plaintiff.
>
> In the event that Plaintiff remains unavailable, the Court will promptly schedule an in-person status conference and order Plaintiff to appear. Failure to comply with Court orders may result in a report and recommendation that this action be dismissed due to Plaintiff's failure to prosecute. The Court reminds Plaintiff that Plaintiff has the obligation to prosecute this matter, including with respect to responding to discovery requests and completing medical authorizations.

November 26, 2024 Text Order.

On December 3, 2024, Plaintiff's counsel stated that he "has been unable to communicate with Plaintiff." Dkt. No. 20. Plaintiff's counsel reported that he had "one very brief telephone conversation with the Plaintiff in approximately mid-October [2024]." *Id*. Plaintiff's counsel

3

added that he tried to contact Plaintiff, to no avail, on October 1, 2024, on November 22, 2024, November 25, 2024, and December 2, 2024, respectively. *Id.* Plaintiff's counsel also "mailed out a letter to him at his last known address via certified mail explaining the urgency of the matter and urging him to call our office immediately when he receives the letter." *Id.*

In response to the letter, on December 3, 2024, the Court scheduled a status conference for December 9, 2024. *See* December 3, 2024 Text Order. The Court ordered Plaintiff to attend in person and stated that "[s]hould Mr. Souza Lima Viana fail to appear, the Court will issue a report and recommendation that this action be dismissed due to Plaintiff's failure to prosecute and Plaintiff's failure to comply with Court orders." *Id.* After seeking a brief adjournment, *see* Dkt. No. 21, Plaintiff's counsel requested permission to file a motion on December 13, 2024 to be relieved as counsel for Plaintiff. Dkt. No. 22. In the request, Plaintiff's counsel cited his multiple attempts to contact Plaintiff, including mailing a certified letter on December 2, 2024; mailing another letter on December 9, 2024; alerting Plaintiff to the conference on December 16, 2024; and making multiple phone calls to Plaintiff and family members. *Id.*

Both Plaintiff and Plaintiff's counsel failed to appear at the December 16, 2024 conference. *See* Minute Entry dated December 16, 2024. On December 16, 2024, Plaintiff's counsel filed a motion to withdraw, which the Court granted on December 17, 2024. Dkt. No. 23; December 17, 2024 Text Order ("Plaintiff's counsel's motion to withdraw is granted . . . Plaintiff's counsel shall a serve copy of this order on [Plaintiff] . . . The Clerk of the Court is also directed to designate Plaintiff as a *pro se* litigant."). Plaintiff was served with a copy of the Court's order. *See* Dkt. Nos. 25, 27.

On February 18, 2025, the Government filed the instant motion. *See* Dkt. No. 29.

4

## II. Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). While Fed. R. Civ. P. 41(b) "expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*." *See Royall v. City of Beacon*, No. 24-CV-3 (KMK), 2024 WL 5146126, at *1 (S.D.N.Y. Dec. 17, 2024) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)) (internal citation omitted). Although "dismissal under Rule 41(b) is subject to the sound discretion of the district courts, [] the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations." *Id*. (citation omitted).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Id.* (citation omitted). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). *Pro se* litigants "must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976 (WCC), 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## III. Discussion

Here, all five factors weigh in favor of dismissal. First, as the Government notes, the "at-least-four-month period of intransigence or inactivity, including failure to communicate with

5

Plaintiff's own counsel, is of sufficient duration to militate in favor of dismissal for failure to prosecute."  Dkt. No. 29 at 2 (citing, *inter alia*, *Henry v. Prishtina Constr. Designs, Inc.*, No. 17-CV-5041 (ILG) (RER), 2018 WL 5984866, at *2 (E.D.N.Y. Oct. 22, 2018) *report and recommendation adopted*, 2018 WL 5983378 (E.D.N.Y. Nov. 14, 2018) (recommending dismissal of action where plaintiff ceased communication with counsel for approximately two months; "[s]ince the end of August, Plaintiff has ceased regular communication with his counsel. Plaintiff failed to appear for his noticed deposition on August 28, 2018, and missed a mandated court appearance on September 27, 2018."), and *Thomas v. County of Suffolk*, No. 08-CV-400, 2010 WL 5452071, at *3 (E.D.N.Y. Dec. 28, 2010) (Bianco, J.) (dismissing for failure to prosecute where plaintiff failed to communicate with the Court or defendants counsel for approximately four months, despite multiple orders)).  In light of Plaintiff's failure to participate in this action since at least October 2024, the first factor is satisfied.  *See Gonzalez v. City of New York*, No. 17-CV-1824 (JGK), 2018 WL 2269244, at *1 (S.D.N.Y. May 17, 2018) ("The plaintiff's failure to comply with the Court's orders in the preceding three months clearly warrants dismissal for failure to prosecute, especially in light of this Court's repeated reminders that the plaintiff risked dismissal of his case if he failed to comply with the orders.").

Second, Plaintiff has been warned, on multiple occasions, that failure to prosecute this action may result in dismissal.  *See* November 26, 2024 Text Order ("Failure to comply with Court orders may result in a report and recommendation that this action be dismissed due to Plaintiff's failure to prosecute.  The Court reminds Plaintiff that Plaintiff has the obligation to prosecute this matter, including with respect to responding to discovery requests and completing medical authorizations.").  The Court issued similar text orders, again outlining the consequences of failure to prosecute on December 3, 2024; December 6, 2024; and December 16, 2024.  *See* December 3,

6

2024 Text Order; December 6, 2024 Text Order; December 16, 2024 Text Order.  In fact, in scheduling the December 16, 2024 status conference, the Court stated, "[s]hould [Plaintiff] fail to appear, the Court will issue a report and recommendation that this action be dismissed due to Plaintiff's failure to prosecute and Plaintiff's failure to comply with Court orders."  *See* December 6, 2024 Text Order; *see also Vega v. Carey Limousine NY, Inc.*, No. 20-CV-05121(CBA) (JRC), 2022 WL 1422477, at *3 (E.D.N.Y. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 824149 (E.D.N.Y. Mar. 18, 2022) (failure to comply with court orders was enough to satisfy the second factor of a failure to prosecute analysis).

Third, prejudice to the Government is presumed, particularly where, as noted above, Plaintiff has failed to meaningfully engage in discovery with the Government for months.  Moreover, Plaintiff has not taken any steps to advance this litigation.  *See Powell v. Doe*, No. 23-CV-9513 (CS), 2024 WL 4389283, at *3 (S.D.N.Y. Oct. 3, 2024) ("…Plaintiff's delay is unreasonable: he has not complied with his obligation to update the Court with his current address, has ignored multiple Court orders, and has not taken any steps to advance the litigation or even communicate with the Court over several months."); *see also Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice.").

Fourth, "[n]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner."  *Powell*, 2024 WL 4389283, at *3 (citations omitted).  Plaintiff has failed to comply with Court orders on December 3, 2024; December 6, 2024; and December 16, 2024, respectively.

As to the final factor, the Court finds that the imposition of a lesser sanction would have no effect on Plaintiff, given Plaintiff's repeated failure to participate in this action in any manner.

7

*See Hendricks v. Curley*, No. 6:23-CV-487 (AMN) (MJK), 2024 WL 4493397, at *4 (N.D.N.Y. Oct. 15, 2024); *see also Thomas*, 2010 WL 5452071, at *3 (finding that, because plaintiff failed to comply with the magistrate judge's repeated orders to appear, no sanction less than dismissal would be effective).

Accordingly, this Court respectfully recommends that this action be dismissed, without prejudice,³ for failure to prosecute. *See Djokovic v. U.S. Just. Dep't*, No. 07-CV-2608 (SJ), 2008 WL 3200191, at *1-2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months) (emphasis removed).

## IV. Conclusion

In light of the foregoing, the undersigned respectfully recommends that the Court dismiss this action, without prejudice. The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Plaintiff by April 30, 2025.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

---

³ The Government seeks dismissal with prejudice. Plaintiff, however, appears to have timely served his administrative claim in compliance with the FTCA. *See* Dkt. No. 1 ¶ 8; *see also* Dkt. No. 7 ¶ 8 ("... Defendant denies, except admits that on August 25, 2023, the USPS received an administrative claim from Plaintiff and denied that claim on May 16, 2024."). Thus, liberally construing the complaint in light of Plaintiff's current *pro se* status, the undersigned does not currently recommend dismissal of this action with prejudice. *See Murray v. Bouck*, No. 1:19-CV-00317 (MKV), 2020 WL 6381935, at *3 (S.D.N.Y. Oct. 30, 2020) ("In light of the minimal prejudice to the defendant and to the Court, and because of the plaintiff's *pro se* status, a dismissal without prejudice is warranted.") (quoting *Barker v. City of New York*, No. 19-CV-2582 (JGK), 2020 WL 589048, at *2 (S.D.N.Y. Feb. 5, 2020)).

8

*See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Reyes. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   Brooklyn, New York
         April 29, 2025

                                                       **SO ORDERED.**

                                                        /s/ Joseph A. Marutollo
                                                       JOSEPH A. MARUTOLLO
                                                       United States Magistrate Judge